UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHALLA C. ALFARO BRITTANY,<br><br>    Plaintiff,<br><br>    v.<br><br>DONNA S. ROANASIOS,<br><br>    Defendant. | No.  2:19-cv-2064-JAM-KJN PS<br><br>ORDER GRANTING IFP AND DISMISSING WITH LEAVE TO AMEND<br><br>(ECF Nos. 1, 2) |

Plaintiff Michalla Brittany, who is proceeding without counsel in this action, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1]  (ECF No. 2.) Plaintiff's application in support of her request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915.  Accordingly, the Court grants Plaintiff's request to proceed in forma pauperis.

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

**Legal Standard**

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must sua sponte dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

"Under the substantiality doctrine, the district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider." Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir. 1985) (citing Hagans v. Lavine, 415 U.S. 528, 536-39 (1974)). "The claim must be 'so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court, whatever may be the ultimate resolution of the federal issues on the merits.'" Id. (quoting Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666 (1974)); see also Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) ("a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, insubstantial, frivolous, devoid of merit, or no longer open to discussion.").

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

**Analysis**

Here, Plaintiff submitted a form civil complaint, checking the box for "federal question" jurisdiction. (ECF No. 1 at p. 3.) However, the information she provided in this Complaint does not appear to implicate a particular federal question. Plaintiff lists as a basis for federal question

jurisdiction "sponership [sic] civil rights act [and] other product liability." (Id. at p. 4.) For her statement of claim, Plaintiff asserts: "Defendant was a sponsership [sic] to some of my children and can no longer sponer [sic] me or my children. Their's [sic] is no arguement [sic]]." (Id. at p. 5.) Plaintiff also states that Defendant allegedly told her she owes $375,000 for being "behind," but that "I thought I already paid with court money and state of California." (Id. at p. 4.) The Court is unsure what civil rights act Plaintiff is referring to, and any product liability claims would arise under state law. Further, the Court is unsure of who Defendant is, the circumstances or legal basis surrounding a sponsorship for her or her children, or any other details about her situation. The Complaint, as it exists now, is insubstantial and potentially frivolous, and does not implicate federal subject matter jurisdiction. Cook, 775 F.2d at 1035.

In light of plaintiff's pro se status, and because it is at least conceivable that Plaintiff can allege some claim, the court finds it appropriate to grant plaintiff an opportunity to amend the complaint. If plaintiff elects to file an amended complaint, it shall be captioned "First Amended Complaint," shall be typed or written in legible handwriting, shall address the deficiencies outlined in this order, and shall be filed within 21 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Further, for a complaint to meet the Federal Rules of Civil Procedure, it must contain a short and plain statement of the grounds for the court's jurisdiction. Fed. R. Civ. P. 8. For federal question jurisdiction, it must be clear from the face of the complaint that a particular provision of the U.S. Constitution or a particular federal law is implicated. See 28 U.S.C. § 1331. A complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). It must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly,

550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff determines that she is unable to amend the Complaint in compliance with the Court's order at this juncture, she may alternatively file a notice of voluntary dismissal of her claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 21 days of this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff's complaint is DISMISSED, but with leave to amend;
3. Within 21 days of this order, Plaintiff shall file either (a) a first amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice; and
4. Failure to file either a first amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: October 18, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

brit.2064

4