UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHALLA C. ALFARO BRITTANY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DONNA S. ROANASIOS,<br><br>　　　　　Defendant. | No. 2:19-cv-2064-JAM-KJN PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO PROSECUTE |

Plaintiff, proceeding pro se, filed a complaint against Defendant alleging a violation of "sponership [sic] civil rights act other product liability." (See ECF No. 1.) Plaintiff requested leave to proceed in forma pauperis. (See ECF No. 2) The Court granted Plaintiff's IFP request, and dismissed the complaint with leave to amend for lack of subject matter jurisdiction. (ECF No. 3.) Plaintiff was given 21 days to amend or file a statement of non–opposition, and was warned that a failure to do so by the required deadline "may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b)." More than 21 days have passed without a response from Plaintiff.

Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself [] without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal,

judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (sua sponte dismissal under Rule 41(b) approved plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). These are:

(1) the public's interest in expeditious resolution of litigation;
(2) the court's need to manage its docket;
(3) the risk of prejudice to the defendants;
(4) the public policy favoring disposition of cases on their merits; and
(5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

Here, the first two factors weigh in favor of dismissal, because this case has already been delayed by Plaintiff's failure to take the steps necessary to move this case forward. The third factor also favors dismissal, because, at a minimum, Defendants have been deprived of an opportunity to be promptly notified of the lawsuit and prepare their defense. With the passage of time, memories' fade and evidence becomes stale. The fifth factor also favors dismissal because

the Court has already attempted less drastic alternatives.  Specifically, after granting Plaintiff leave to proceed without paying the filing fee, the Court informed Plaintiff of the Complaint's deficiencies and granted her leave to amend.  However, Plaintiff has been incommunicado since filing the complaint, leaving the court with little alternative but to recommend dismissal.  Given her request to proceed IFP, it is unlikely that monetary sanctions could be effective.

As to the fourth factor, the public policy favoring disposition on their merits, that factor is outweighed by the other Ferdik factors.  Indeed, it is Plaintiff's own failure to prosecute the case and comply with the rules that precludes a resolution on the merits.  Therefore, after carefully evaluating the Ferdik factors, the Court concludes that dismissal is appropriate.

Accordingly,  IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's claims be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b); and

2.  The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated:  November 18, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE